

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

-vs-

      Case No.  14-20721
      HON AVERN COHN

ERNEST EARL MATTHEWS,

      Defendant.

_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION TO SUPPRESS (Doc. 44)

This is a criminal case; defendant is charged with a felony firearm crime.  Before the Court is defendant's Motion to Suppress (Doc. 44).  The motion asks the Court to suppress a firearm seized in the vicinity of defendant.  The Court held an evidentiary hearing on the motion at which time Detroit police officers and defendant testified.  The motion is DENIED; the reasons follow.

In its Response to Defendant's Motion to Suppress Evidence [Docket No. 44] (Doc. 45), the government says:

> It is the Defendant's position that the firearm in question did not belong to him and that he did not throw it.  It is the Government's position that the firearm is in fact the Defendant's and that he is the one who threw it in the alley. Regardless, the Defendant had no expectation of privacy in the firearm when the officers picked it up.  Defendant abandoned his gun before the officers could successfully seize him.  A defendant who abandons a gun prior to his seizure cannot challenge its admission.

On October 24, 2014, Detroit Police Officers Robin Carver ("Carver") and Sean Wall ("Wall") were on patrol.  They were driving a marked police vehicle, which was

stopped at an intersection in southwest Detroit, a high crime area. They were talking to defendant. When they started to get out of their vehicle, defendant fled. Carver ran after defendant. Carver saw defendant pull a firearm out of his pocket. Carver yelled, "Drop the weapon or I'll shoot." The defendant tossed the firearm to the ground and then continued running. Carver caught the defendant when he tripped and fell to the ground. Based on Carver's description, Wall recovered the firearm. All of this took less than one (1) minute.

Defendant says he was not carrying a firearm when he ran from the officers.

Defendant says his Fourth Amendment rights were violated when the officers chased after him since he did not come close to fitting the description of the suspect the officers said they were looking for.

The firearm was not recovered from defendant's person. Defendant has not demonstrated he had a reasonable expectation of privacy with regard to the firearm which Wall recovered. The firearm is in the circumstances of this case considered abandoned property. *See United States v. Nelson,* 725 F.3d 615, 622 (6th Cir. 2013). Also, there was nothing wrong with the officers talking to defendant. *See United States v. Tillman,* 963 F.2d 137, 142 (6thCir. 1992). Lastly, flight in a high crime area can give rise to reasonable suspicion. *See Illinois v. Wardlow,* 528 U.S. 119, 124 (2000).

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: ~~April~~ June 18, 2015 ~~2012~~