UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                 Case No. 14-20721

EARNEST EARL MATTHEWS,                HON. AVERN COHN

    Defendant/Petitioner.
_____/

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I. Introduction

This is a criminal case. Defendant/Petitioner Earnest Earl Matthews (Matthews) was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Matthews was sentenced to 180 months under the Armed Career Criminal Act for having three prior robbery convictions (armed robbery, carjacking, and unarmed robbery). The sentence was the mandatory minimum and below the guidelines range of 210-262 months.

Before the Court is Matthews' motion under 28 U.S.C. § 2255 in which he says his trial counsel was ineffective. For the reasons that follow, the motion will be denied for lack of merit.[1]

---

    [1]A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing," at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, a court may deny a motion under section 2255 "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.' " Cole v. United States, No. 17-6061, 2018 WL 4372199, at *2 (6th Cir. Mar. 30, 2018) (quoting 28 U.S.C. § 2255(b) ). Because

II. Background

A. Factual Background

On Matthews' appeal, the Court of Appeals for the Sixth Circuit set forth the relevant facts:

> Around 9:45 p.m. on October 24, 2014, two Detroit police officers were driving their patrol car when they saw Matthews on the street. Believing that Matthews matched the description of the suspect in a robbery that had occurred in the area nine days before, the officers initially tried to speak to him through their car window. When one of the officers started to get out of the car, Matthews ran, and the officer chased after him. While running, Matthews removed a pistol from the front pocket of his hooded sweatshirt. The officer, who was a few feet behind Matthews at this point, yelled, "Drop it or I'll shoot." Matthews ran into an alley, where he threw the pistol toward a fence. He then tripped over a hose and tumbled to the ground, where the officer put him under arrest. The other police officer, who had followed Matthews in the patrol car, immediately retrieved the abandoned pistol.

United States v. Matthews, No. 15-2298, at p. 1-2 (6th Cir. May 8, 2017) (unpublished).

B. Relevant Procedural History

Matthews was initially appointed a federal defender to represent him. A few months after the appointment, Matthews requested another attorney. The Court granted his request and appointed another attorney to represent him. The second attorney represented Matthews at trial and sentencing. On direct appeal, the Sixth Circuit granted the second attorney's motion to withdraw and the Sixth Circuit appointed a third attorney to handle Matthews direct appeal.

On appeal, Matthews argued that the Court (1) erred in denying his motion to suppress the firearm and (2) erred in ruling at trial that evidence as to the description of the robbery suspect, and (3) that his prior conviction for unarmed robbery was a crime of violence. The Sixth Circuit rejected all of these arguments and affirmed Mathews'

---

the record shows that Matthews is not entitled to relief, a hearing is not necessary.

conviction and sentence. See Doc. 88, United States v. Matthews, No. 15-2298 (6th Cir. May 8, 2017) (unpublished). The Supreme Court denied certiorari. See Doc. 90.

III. Legal Standards

28 U.S.C. § 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, Frady, 456 U.S. at 166. Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United

3

States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)). Accordingly, alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

Matthews has raised allegations of ineffective assistance of counsel which may be raised for the first time in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 508–09 (2003). To establish ineffective assistance of counsel under the Sixth Amendment, Matthews must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Matthews must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. A court must afford defense attorneys "wide latitude" and, in analyzing their conduct under the Sixth Amendment, must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Defense counsel are entitled to a "strong presumption" that they made "all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

If Matthews succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. Prejudice requires more than "some conceivable effect on the outcome of the proceeding," Matthews must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94.

Finally, It is well established that "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." Dupont v.

4

United States, 76 F.3d 108, 110-11 (6th Cir. 1996).

IV. Analysis

Matthews makes two claims of ineffective assistance of counsel, both directed at his second counsel, who represented Matthews pretrial, at trial, and at sentencing. First, he says their relationship was riddled with conflict. Second, he says that counsel failed to adequately present the argument that unarmed robbery is not a crime of violence. Neither allegation has merit, as explained below.

A. Conflicts with Counsel

Matthews raises several instances in which he say he differed with counsel's decisions or actions. None of them indicate that counsel was deficient or that Matthews was prejudiced. In other words, none of the instances merit relief.

First, he says that counsel attempted to have him proffer with the government without his permission. When Matthews denied having any helpful information, the proffer ended and resulted in a "furious argument" with counsel. Matthews, however, fails to explain how counsel's actions were ineffective. Indeed, Matthews concedes counsel was trying to get him to cooperate in order to negotiate a plea in light of the fact that he was facing a mandatory minimum of 180 months. Nor can Matthews show prejudice because the proffer never went forward and Matthews does not argue that it should have gone forward.

Second, Matthews says that counsel's questioning of witnesses at trial had "deviated" from what Matthews thought was going to happen, "giving the government the advantage." Matthews does not explain what counsel should have done or what questions prejudiced him.

Matthews also says that he provided a list of witnesses to counsel which would

5

have aided his defense but counsel did not contact any of them. Matthews gives no information about these witnesses or explain how they would have helped in his defense. Absent any factual support, Matthews' conclusory allegations does not establish that counsel was ineffective.

Matthews also says that he asked counsel to put his hooded sweatshirt into evidence to rebut the testimony of the officer who claimed that Matthews was hiding the pistol in his sweatshirt. According to Matthews, the sweatshirt would have proven that the pistol would not have fit into the sweatshirt pocket. This allegation lacks merit. The record is clear that the Court addressed Matthews at trial and confirmed that he was not going to testify or put in any evidence and that he had discussed the matter with counsel. At no point during the trial, including after the government ended its proofs, did Matthews mention anything about putting a sweatshirt into evidence. Moreover, Matthews never mentioned the sweatshirt during the motion to suppress hearing. Rather, at the hearing, Matthews testified that the firearm was not his. Matthews has not overcome the presumption that the decision not to introduce the sweatshirt was strategic. He also has not shown that the outcome would have been different if the sweatshirt had been admitted.

The remainder of Matthews' arguments amount to generalized complaints. For example, he says he was forced to write the motion to suppress. This allegation is belied by the record which contains a motion by counsel. Moreover, counsel moved forward with the motion to suppress and did his best to argue that the gun was not his and that he had a reasonable expectation of privacy in the gun. Matthews also says that counsel "pawned off" his obligation regarding sentencing. Not so. The record shows counsel filed sentencing materials and vigorously advocated on Matthews' behalf.

B. Unarmed Robbery

Matthews also says that counsel failed to adequately argue that Michigan's unarmed robbery conviction was not a crime of violence under the Armed Career Act. Matthews cannot show that he was prejudiced by any of counsel's actions because the Sixth Circuit ruled on Matthews' direct appeal that unarmed robbery is a crime of violence.

V. Conclusion

In sum, Matthews has failed to show that any of counsel's actions or inactions amounted to deficient performance or that he suffered prejudice as a result. For the reasons stated above, Matthews' motion under § 2255 is DENIED. Further, jurists of reason would not find the Court's ruling debatable. Accordingly, the Court DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(1)(a).[2] See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/9/2019
Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

7